IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARMETTA G. HOLDEN, | C.A. No.: |
| Plaintiff, | TRIAL BY JURY DEMANDED |
| v. | |
| EMERITUS CORPORATION, a Delaware Corporation, d/b/a BROOKDALE OF DOVER, | COMPLAINT |
| Defendant. | |

1. Plaintiff Carmetta G. Holden ("Holden" or "Plaintiff") is a resident of the State of Delaware residing at 177 Holmes Street, Dover, DE 19901.

2. Emeritus Corporation is a Delaware Corporation d/b/a Brookdale of Dover ("Emeritus" or "Defendant"). Its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); 42 U.S.C. § 1981; the Delaware Discrimination in Employment Act, 19 *Del C.* § 710, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* (the "ADA").

4. Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1343, 28 U.S.C. §1367, and 42 U.S.C. §12117(a).

5. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, the Delaware Discrimination in Employment Act, 19 *Del C.* § 710, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* to redress the wrongs done to her by Defendant's discrimination against her on the basis of her race and disability.

7. Plaintiff timely submitted a complaint of discrimination on the basis of race and disability to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff received a Notice of Right to Sue for the above-referenced charge from the DDOL and the EEOC and has timely filed her Complaint within ninety (90) days of the notice.

9. Defendant is liable for the actions of its agents as outlined in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of its agents' actions by Defendant.

10. Plaintiff is African-American.

11. After the June 18, 2018, non-work-related accident, Plaintiff suffered a "disability" as that term is defined by 42 U.S.C. §12102(1). Specifically, she had a physical impairment that substantially limited one or more major life activities, and/or she had a record of such an impairment, and/or she had been regarded by Defendant as having such an impairment. Specifically, she had a left shoulder tear in her bicep anchor.

12. Plaintiff was hired by Green Meadows on March 16, 2009.

13. Plaintiff was a Bus Driver and PRN/CNA at Defendant's 150 Saulsbury Road, Dover, Delaware location.

14. Plaintiff worked as bus driver three days a week and as a CNA two days a week.

15. In or about July 2014, Green Meadows was acquired by Emeritus Corporation and began conducting business under the name of Brookdale of Dover.

16. Plaintiff continued to be employed by Defendant in 2014 when Defendant assumed the business name Brookdale of Dover.

17. At all times relevant to this Complaint, Plaintiff was qualified for both of her job positions as a bus driver and CNA and satisfactorily performed all job duties of her two job positions.

18. Prior to Plaintiff being hired by Green Meadows in March 2009, Plaintiff informed Green Meadows, both verbally and in writing on her job

application, about a criminal charge that was filed against her for misdemeanor theft of rental property under $1,000.00 by fraudulent means.

19. Plaintiff explained the circumstances surrounding this charge and Green Meadows subsequently hired Plaintiff.

20. When Plaintiff was hired by Green Meadows in 2009, Green Meadows conducted a background search of Plaintiff.

21. In 2014, after Green Meadows was acquired by Emeritus, Defendant conducted another federal and state background check of Plaintiff.

22. Plaintiff was not informed of any issue regarding the results of the 2014 background check.

23. Plaintiff continued in Defendant's employ for years thereafter.

24. In May 2018, Defendant conducted another background check of Plaintiff.

25. The background search revealed the April 29, 2004, misdemeanor theft charge which Plaintiff previously disclosed in 2009.

26. The circumstances surrounding the 2004 matter dealt with Plaintiff renting a chair from Rent-A-Center. The chair delivered by Rent-A-Center was broken. Plaintiff returned the chair to Rent-A-Center. Rent-A-Center charged Plaintiff rent for the broken chair which Plaintiff refused to pay. Rent-A-Center then filed a criminal charge against Plaintiff for theft of rental property under $1,000.00.

27. On June 21, 2019, Plaintiff received a pardon for the aforementioned criminal charge.

28. As previously stated, on June 8, 2018, Plaintiff was involved in an automobile accident.

29. Plaintiff suffered a left shoulder tear in her bicep anchor and was placed on limited duty by her physician.

30. Despite Plaintiff's resulting physical impairment, she was able to perform the essential functions of her job as a bus driver and resumed these duties in late June 2018.

31. Plaintiff was not permitted to return to her duties as a CNA due to a weight-lifting restriction related to her injury.

32. Defendant terminated Plaintiff on August 10, 2018.

33. Defendant informed Plaintiff she was being terminated because the 2004 criminal charge filed against her barred Plaintiff from working in a medical care facility.

34. Plaintiff was never informed of the results of the May 2018 background search until she was terminated on August 10, 2018.

35. In contrast, a similarly situated Caucasian employee of Defendant, Jennifer (last name unknown), worked for Defendant at the same facility as Plaintiff.

36. Jennifer (last name unknown) was terminated based the results of a background check conducted by Defendant.

37. Jennifer (last name unknown) was subsequently rehired by Defendant while Plaintiff was not rehired.

38. The reasons proffered by Defendant for Plaintiff's termination were pretextual and intended to mask the true reason for Defendant's actions, i.e., discrimination against Plaintiff on the basis of her race and disability in violation of Title VII, 42 U.S.C. §1981, the ADA, and Delaware Discrimination in Employment Act.

39. The wrongful acts committed by Defendant and its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

40. Defendant has discriminated against Plaintiff on the basis of her race by treating her differently from a similarly situated non-African American employee when it wrongfully terminated Plaintiff's employment and refused to rehire her.

41. Defendant has discriminated against Plaintiff on the basis of her disability in violation of the ADA when Defendant terminated Plaintiff despite an accommodation agreement to let Plaintiff drive a bus full-time while unable to perform CNA work.

42. As a direct result of the unlawful actions of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – TITLE VII

43. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 42 hereinabove.

44. By committing the aforementioned acts, including terminating Plaintiff's employment and failing to rehire her, Defendant has discriminated against Plaintiff based on her race in violation of 42 U.S.C. §2000e, *et seq.*

45. As a direct result of the discriminatory and wrongful conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    (a)    Back pay, including interest;

    (b)    Reinstatement, if feasible, or, in that alternative, front pay;

    (c)    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (d)    Punitive damages;

  (e)  Pre-judgment and post-judgment interest;

  (f)  Attorney's fees and costs and;

  (g)  Any other relief that the Court deems just and appropriate.

## COUNT II – 42 U.S.C. § 1981

46. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 45 hereinabove.

47. By committing the aforementioned acts, including terminating Plaintiff's employment and failing to rehire her, Defendant has discriminated against Plaintiff based on her race, in violation of 42 U.S.C. §1981. But for Plaintiff's race, Defendant would have rehired Plaintiff as it had with a Caucasian employee.

48. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant, for:

  (a)  Back pay, including interest;

  (b)  Reinstatement, if feasible, or in the alternative, front pay;

  (c)  Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

  (d)  Punitive damages;

    (e)    Pre-judgment and post-judgment interest;

    (f)    Attorney's fees; and

    (g)    Any other relief that this Court deems just and appropriate.

## COUNT III – THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT

49. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 48 hereinabove.

50. By committing the aforementioned acts, including terminating Plaintiff's employment and failing to rehire her, Defendant has discriminated against Plaintiff based on her race in violation of 19 *Del. C.* § 710 *et seq.*

51. As a direct result of the discriminatory and wrongful conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    (e)    Back pay, including interest;

    (f)    Reinstatement, if feasible, or, in that alternative, front pay;

    (g)    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(h)  Punitive damages;

(e)  Pre-judgment and post-judgment interest;

(f)  Attorney's fees and costs and;

(g)  Any other relief that the Court deems just and appropriate.

## COUNT IV – THE AMERICANS WITH DIABLITIES ACT

52. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 51 hereinabove.

53. By committing the aforementioned acts, including Defendant's refusal to reasonably accommodate Plaintiff's disability, Defendant has discriminated against Plaintiff on the basis of her disability in violation of the ADA.

54. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a)  Back pay, including interest;

(b)  Reinstatement, if feasible, or in the alternative, front pay;

(c)  Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d)  Punitive damages;

(e)     Pre-judgment and post-judgment interest;

(f)     Attorney's fees and costs; and

(g)     Any other relief that this Court deems just.

                               SCHMITTINGER & RODRIGUEZ, P.A.

                     By: _____
                               WILLIAM D. FLETCHER, JR., ESQ.
                               Bar I.D. #362
                               GARY E. JUNGE, ESQ.
                               Bar I.D. # 6169
                               414 South State Street
                               P.O. Box 497
                               Dover, Delaware 19903-0497
                               (302) 674-0140
                               Attorneys for Plaintiff

Dated: June 28, 2022